IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| WILLIAM N. WEBER, M.D., <br><br>Plaintiff, <br><br>vs. <br><br>ERIC SHINSEKI, Secretary of Veteran's Affairs, <br><br>Defendant. | CV-06-23-H-DWM-RKS <br><br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION TO DISMISS** |

This dispute has a long and contentious history in this Court.  After careful thought and consideration, Defendant's Motion to Dismiss should be granted based upon principles of res judicata.

**JURISDICTION AND VENUE**

The Court has jurisdiction pursuant to 29 U.S.C. § 633a(c) and 28 U.S.C. § 1343.  Venue is proper.  28 U.S.C. § 1391.  This matter is referred to a United States Magistrate Judge to enter findings and recommendations.  (C.D. 12.)

## PROCEDURAL HISTORY

Plaintiff, Dr. William Weber ("Dr. Weber"), has filed numerous lawsuits in this court relating to his employment with, and discharge from, the Veteran's Administration Medical and Regional Center ("VAMC") at Fort Harrison, Montana.  See CV-00-10-H-SEH; CV-02-10-H-SEH; CV-04-46-H-SEH; and the above captioned case CV-06-23-H-DWM-RKS.

Dr. Weber was terminated from his probationary employment with the VAMC on September 13, 1999.  His termination followed a Summary Review Board ("SRB") proceeding held on August 2, 1999 ("SRB 1").  Dr. Weber filed an action seeking review of the decision of SRB 1.  See CV-00-10-H-SEH. On June 3, 2004, the Honorable Sam E. Haddon vacated the decision of SRB 1 and remanded to the VAMC for further proceedings. The remand was based upon "procedural-notice-errors," not the substance of the VAMC's decision.  (CV-02-10-H-SEH, doc. 96 at 12).  Dr. Weber was reinstated the same day.  No appeal was taken.

On remand in case CV-00-10-H-SEH, the VAMC held a second SRB ("SRB 2"), sometime in 2005.  After SRB 2, Dr. Weber was again terminated from his employment with the VAMC, effective December 6, 2005.

On April 19, 2002, after his termination by SRB 1, Dr. Weber filed action CV-02-10-H-SEH claiming age discrimination based upon three theories: 1)

disparate treatment; 2) hostile work environment, and 3) retaliation. (CV-02-10-H-SEH, doc. 96 at 13). On November 15, 2005, after a bench trial, Judge Haddon found in favor of the Defendant and dismissed Dr. Weber's third amended complaint. (CV-02-10-H-SEH, doc. 75). The Ninth Circuit Court of Appeals reversed and remanded for further factual findings. Weber v. Nicholson, 253 Fed.Appx. 672, 674 (9th Cir. 2007). On remand, Judge Haddon entered Findings of Fact, Conclusions of Law and Order on August 7, 2008. (CV-02-10-H-SEH, doc. 96). Judge Haddon found Dr. Weber did not establish a prima facie case, and further that Defendant provided legitimate, non-discriminatory reasons for the employment actions taken against Dr. Weber. (Id.). The Ninth Circuit Court of Appeals affirmed. Weber v. Dept. of Veterans Affairs, 349 Fed.Appx. 230 (9th Cir. 2009).

Dr. Weber also filed a claim under the Back Pay Act, 5 U.S.C. § 5596. CV-04-46-H-SEH. That claim was dismissed by Judge Haddon. (CV-04-46-H-SEH, doc. 34). The Ninth Circuit Court of Appeals affirmed. Weber v. Dept. of Veteran's Affairs, 521 F.3d 1061 (9th Cir. 2008).

In the present case, Dr. Weber alleges only that convening SRB 2 was in retaliation for filing lawsuit CV-02-10-H-SEH, in violation of the Age Discrimination Employment Act ("ADEA"). (C.D. 1). Currently pending is

Defendant's Motion to Dismiss (C.D. 20).  The motion is fully briefed and ripe for decision.

## DISCUSSION

Defendant argues that Dr. Weber's current suit is barred by res judicata. (C.D. 21, 27).  Dr. Weber asserts that there is not identity of claims, therefore the current suit is not barred by res judicata.  (C.D. 26).

Dr. Weber's most recent law suit against the VAMC should be dismissed because his only complaint, that SRB 2 was done in retaliation for protected activity, is frivolous.  The only reason SRB 2 was held was because his prior case challenging SRB 1 was remanded for further proceedings due to "procedural-notice-errors."  (CV-02-10-H-SEH, doc. 96 at 12).  Further, Judge Haddon found that the VAMC's proceedings against Dr. Weber were not done in retaliation for Dr. Weber's protected activity, but it were undertaken because of Dr. Weber's conduct.  (CV-02-10-H-SEH, doc. 96 at 17-19).  It is difficult to see how any plausible claim can arise from court-ordered proceedings, however, even assuming Dr. Weber has stated a claim, it is barred by res judicata as discussed below.

Res judicata provides that a final judgment on the merits bars further claims by the parties or their privies based upon the same cause of action.  <u>Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency</u>, 322 F.3d 1064,

1077 (9th Cir. 2003).  It bars not only all claims that were actually litigated, but also all claims that could have been litigated in the prior action.  <u>International Union of Operating Engineers-Employers Construction Industry Pension, Welfare and Training Trust Funds, v. Karr</u>, 994 F.2d 1426, 1429 (9th Cir. 1993).  The doctrine of res judicata applies when there is 1) identity of claims, 2) a final judgment on the merits, and 3) privity between the parties.  <u>Id</u>. at 1077; <u>Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.</u>, 298 F.3d 1137, 1143 n. 3 (9th 2002).

In the present case, there is no dispute that elements two and three are satisfied.  (C.D. 21, 26).  The only element in dispute is identity of claims.  To determine identity of claims, four factors are considered: 1) whether the two suits arise out of the same transactional nucleus of facts, 2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action, 3) whether the two suits involve infringement of the same right, and 4) whether substantially the same evidence is presented in the two actions.  <u>Constantini v. Trans World Airlines</u>, 681 F.2d 1199, 1201-02 (9th Cir. 1982).

"The central criterion in determining whether there is identity of claims . . . is 'whether the two suits arise out of the same transactional nucleus of facts.'" <u>Owens v. Kaiser Foundation Health Plan, Inc.</u>, 244 F.3d 708, 714 (9th Cir. 2001).

The Ninth Circuit Court of Appeals has "often held the common nucleus criterion to be outcome determinative."  Mpoyo v. Litton Electro-Optical Systems, 430 F.3d 985, 988 (9th Cir. 2005).  Two events are part of the same transaction or series (the same transactional nucleus of facts) if they are related to the same set of facts and if they could conveniently be tried together.  Id. at 987.

There is no question that this case, like all Dr. Weber's prior cases, involve the same transactional nucleus of facts - Dr. Weber's discharge from employment with the VAMC.  This lawsuit, like Dr. Weber's prior lawsuit, alleges retaliation based upon ADEA.  It has already been determined that the VAMC did not retaliate against Dr. Weber on any of the grounds alleged in his prior suit, CV-02-10-GF-SEH, including the convening of SRB 1.  (CV-02-10-GF-SEH, doc. 96 at 10-13, 17-19).  He now complains that SRB 2 was done in retaliation for filing CV-02-10-GF-SEH.  That complaint, however, must fail.  Dr. Weber knew, since June 3, 2004, that he would be facing another Summary Review Board.  CV-00-10-H-SEH, doc. 58, 59.  Dr. Weber could have alleged that further administrative proceedings were being held in retaliation in the prior suit.  He did not.
The further proceedings were held by order of Judge Haddon, who reversed the first Summary Review Board and remanded the case back to the VAMC to correct "procedural-notice- errors" with SRB 1.  (CV-02-10-H-SEH, doc. 96 at 12).  This

is yet another suit based upon the same issue - Dr. Weber's discharge from employment with the VAMC.

Further, the other elements of res judicata are met.  In the prior suit, Judge Haddon found the VAMC did not retaliate against Dr. Weber when it discharged him as a result of  SRB 1.  SRB 2 was held only because Judge Haddon remanded the case to correct "procedural-notice-errors" and was not based upon the substance of the decision in SRB1.  To relitigate the retaliation issue would potentially destroy or impair Judge Haddon's ruling that the VAMC did not retaliate against Dr. Weber when it discharged him.  Also, the prior suit and the current suit both involve alleged infringement of the same right - the right to be free of retaliatory conduct established by ADEA.  Finally, substantially the same evidence would be presented in the two actions.

## CONCLUSION

For the reasons stated above, Dr. Weber's current claim is barred by the doctrine of res judicata and will be recommended for dismissal.

Therefore, the Court makes the following **RECOMMENDATIONS:**

1. Defendant's Motion to Dismiss (C.D. 20) should be **GRANTED;**

2. Dr. Weber's Complaint should be **DISMISSED with prejudice**;

3. The Clerk of Court should be ordered to enter judgment according to Rule 58 of the Federal Rules of Civil Procedure and close this case.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 31st day of August, 2010.

*/s/ Keith Strong*
Keith Strong
United States Magistrate Judge