

**FILED**

SEP 20 2010

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| WILLIAM N. WEBER, M.D., | ) | CV 06-23-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ERIC SHINSEKI, Secretary of Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |

This action stems from a dispute with a long and contentious history in this Court. In the present case, Plaintiff William N. Weber, M.D. (Dr. Weber) alleges only that convening a second summary review board (SRB 2) was in retaliation for filing lawsuit CV-02-10-H-SEH, in violation of the Age Discrimination Employment Act (ADEA). Defendant filed a Motion to Dismiss on April 8, 2010.

-1-

United States Magistrate Keith Strong entered Findings and Recommendation (dkt #28) in this case on August 31, 2010. Judge Strong determined that there is no question that this case, like all Dr. Weber's prior cases, involve the same transactional nucleus of facts - Dr. Weber's discharge from employment with the Veteran's Administration Medical and Regional Center (VAMC). Judge Strong concluded that Dr. Weber's current claim is barred by the doctrine of res judicata. The Plaintiff did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court reviews the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

I can find no clear error with Judge Strong's Findings and Recommendation.

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation (dkt #28) are adopted in full.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (dkt #20) is GRANTED. This case is DISMISSED WITH PREJUDICE.

The Clerk of Court is directed to enter judgment in a separate document as

set forth in Rule 58 of the Federal Rules of Civil Procedure. The Clerk of Court is further directed to close this case.

Dated this 22 day of September, 2010.

Donald W. Molloy, District Judge
United States District Court